IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RAIDA HINDI, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF HUSSEIN ATALLAH AND AS THE NEXT FRIEND OF SARA ATALLAH AND KAHLED ATALLAH AND SLACK & DAVIS, L.L.P. | § § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 2:05-CV-11-TJW |
| v. | § § | |
| TOYOTA MOTOR CORPORATION AND TOYOTA MOTOR SALES, U.S.A., IND. | § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiff Raida Hindi's ("Plaintiff") Motion for Sanctions and Motion for Contempt (Dkt. No. 138) and Defendants Toyota Motor Corporation's (TMC) and Toyota Motor Sales, U.S.A., Inc.'s (TMS) (collectively "Toyota") Motion to Quash the Deposition Subpoena and for a Protective Order (Dkt. No. 143). Plaintiff's motion asks the Court to sanction Toyota for failing to obey this Court's Orders on discovery. In addition, Plaintiff requests that the Court hold Toyota and/or its employees and attorneys in contempt of Court for failing to obey the Court's Discovery Orders. Toyota's motion moves the Court to quash Plaintiff's deposition subpoena of Dimitrios Biller and for a protective order to prevent the deposition from occurring.

1

## I. Background

Plaintiff, individually and as personal representative of the estate of Hussein Atallah and as the Next Friend of Sara Atallah, filed this case over six years ago asserting strict liability and negligence claims against Toyota in regards to the design of a 1995 Toyota 4Runner. *See* Amended Complaint, Dkt. No. 19. Plaintiff contends that the 1995 Toyota 4Runner was defectively designed and/or placed into the stream of commerce by Toyota, and that the alleged defects in the 1995 Toyota 4Runner were the cause of an accident resulting in the death of Hussein Atallah. Plaintiff's Amended Complaint alleged that the Toyota 4Runner was defectively designed because it had "stability failures" and that Toyota "failed to provide adequate warnings of danger or instructions for safe use of the vehicle." Amended Complaint at ¶ 4.1 and 5.1, Dkt. No. 19. Plaintiff also brought claims for negligence and breach of warranty. *Id.* at 6.1 and 7.1. On November 11, 2005, Toyota filed a motion for partial summary judgment arguing that it was entitled to summary judgment on Plaintiffs' claims of defective design with respect to the roof, glazing, restraint systems, and occupant compartment because Plaintiff failed to provide expert testimony to sustain their claims by the Court's designated deadline. *See* Toyota's Motion for Partial Summary Judgment at 3, Dkt. No. 34. Defendants also moved for summary judgment of Plaintiff's claim of failure to provide adequate warnings and instructions, negligence in the design of roof, glazing, restraint systems, and occupant compartment, breach of warranty, and conscious pain and suffering. *Id.* In response to Toyota's motion for summary judgment, Plaintiff withdrew her "crashworthiness design defect, failure to warn, negligence, and breach of warranty claims." Plaintiffs' Response to Motion for Partial Summary Judgment at 2, Dkt. No. 45. Plaintiff's response also made it clear that the primary issue in dispute was "the stability of the 1995 Toyota 4Runner." *Id.* at 1.

Pursuant to the Court's Amended Discovery Order ("Discovery Order") in this case, the parties were to serve their Initial Disclosures by June 9, 2005, and their Additional Disclosures by June 24, 2005. *See* Discovery Order, Dkt. No. 13. The Additional Disclosures required Toyota to provide the following information, in relevant part: "A copy of all documents, data compilations, and other tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action." *Id.* On June 23, 2005, Toyota certified that it had complied with the Court's Discovery Order and served its additional disclosures. *See* Dkt. No. 21. In the Joint Final Pretrial Order, Toyota also certified that "full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's Orders." Joint Final Pretrial Order at 5-6, Dkt. No. 113.

The jury trial commenced on January 9, 2006, and the jury returned a take-nothing verdict for Toyota on January 12, 2006. The Court entered judgment for Toyota on January 17, 2006. Plaintiff neither filed post-trial motions nor appealed the jury verdict.

On July 24, 2009, three and a half years after the jury verdict in this case, Dimitrios Biller, a former Toyota in-house attorney, filed a complaint in the United States District Court for the Central District of California alleging that Toyota intentionally disobeyed discovery orders in over three-hundred court cases between 2004 and 2007 involving rollovers, including cases involving the 4Runner. *See* Original Complaint, Dkt. No. 1 in Case 2:09cv5429, in the United States District Court for the Central District of California (the "California Action"). The California Court ordered all of Mr. Biller's claims to arbitration. *See* Dkt. No. 97 in California Action. On January 4, 2011, the arbitrator issued a Final Arbitration Award and Permanent Injunction resolving all claims between Mr. Biller and the Toyota Defendants. *See* Dkt. No. 120 in California Action. The arbitrator found Mr. Biller liable for breach of contract, conversion, and

multiple instances of statutory unauthorized computer access. *See* Arbitration's Final Award at pp. 3:5-10:7, Dkt. No. 121-2, pp. 6-20 in California Action. The arbitrator also found that Mr. Biller's claims for defamation and fraud and/or false promises were not supported by the evidence. *Id*. at pp. 10:8-12:13. As a result, the arbitrator awarded Toyota $2,500,000 in liquidated damages and $100,000 in punitive damages. *Id.* at p. 14:25-26. The arbitrator also issued a permanent injunction and declared that Mr. Biller is under a continuing duty to safeguard and not disclose Toyota's confidential information. *Id.* at pp. 14:27-15:2. In relevant part, the permanent injunction prohibits Mr. Biller, unless compelled to do so by valid legal process, from:

1. Disclosing . . . any confidential attorney-client communications or attorney work produce, written or oral between Mr. Biller and TMS;
2. Disclosing . . . confidential documents, materials or information, written or oral, regarding the business affairs of TMS of which Mr. Biller acquired knowledge through his employment as an attorney by TMS and legal representation of TMS;
3. Disclosing . . . any confidential documents, amterials or information, written or oral, regarding the business affairs of companies affiliated with TMS, including but not limited to Toyota Motor Corporation ("TMS"), of which Mr. Biller acquired knowledge though his employment as an attorney by TMS and legal representation of TMS . . .

Permanent Injunction at 1:4-2:11, Dkt. No. 120-2, pp. 21-25 in California Action. "This order specifically applies but is not limited to the following: the documents contained within the four (4) boxes that Mr. Biller delivered to the clerk of the U.S. District Court for the Eastern District of Texas on or about October 1, 2009; the documents and materials contained on the flash drive that Mr. Biller produced in this arbitration . . ." *Id*. at 3:1-6. The permanent injunction also prohibits Mr. Biller from "[v]oluntarily encouraging, cooperating with, or assisting any third party in the pursuit of any legal administrative action against TMS and/or any affiliated company, including but not limited to TMC, including without limitation the voluntary acceptance of service of process." *Id*. at 3:7-9.

A motion to confirm the final arbitration award and permanent injunction is currently pending in the California Action. *See* Dkt. Nos. 120 and 144 in California Action.

Plaintiff filed her Motion for Sanctions and Contempt on April 23, 2010, based on the allegations Mr. Biller made in his complaint in the California Action. Dkt. No. 138. Then, on May 14, 2010, Toyota filed its Motion to Quash and for Protective Order. Dkt. No. 143.

## II. Applicable Law

Federal Rule of Civil Procedure 60 authorizes the Court to set aside a final judgment for a number of reasons, including: ". . . (2) newly discovered evidence . . . ; (3) fraud . . . ; misrepresentation, or misconduct by an opposing party; . . . (6) any other reason that justifies relief." FED. R. CIV. P. 60(b). For reasons of newly discovered evidence, fraud, misrepresentations, or misconduct the party seeking to set aside the judgment must file a motion within one year of the entry of the judgment. *Id.* at (c). The "any other reason" clause "refers to any other reason than those contained in the five enumerated grounds on which a court may grant a Rule 60(b) motion." *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (quoting *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.,* 62 F.3d 767, 773 (5th Cir. 1995)). Relief under Rule 60(b)(6) is available "only if extraordinary circumstances are present," and "extraordinary circumstances" are only present when the other provisions of Rule 60(b) do not apply. *Hess v. Cockrell*, 281 F.3d 212, 215–16 (5th Cir. 2002) (citing *Batts*, 66 F.3d at 747).

Federal Rule of Civil Procedure 37 authorizes sanctions for failure to comply with discovery orders. This Court may bar the disobedient party from introducing evidence, or it may direct that certain facts shall be "taken to be established for purposes of the action . . . ." FED. R. CIV. P. 37 (b)(2)(A)(i). Rule 37 also permits this Court to strike claims from the pleadings and even to "dismiss the action . . . or render a judgment by default against the disobedient party." FED. R.

Civ. P. 37 (b)(2)(A)(v)–(vi); *Roadway Express, Inc. v. Piper,* 447 U.S. 752 (1980). "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Id.* at 763–64.

Rule 37(b)(2) requires that any sanction be just and that the sanction must be related to the particular claim which was at issue in the order to provide discovery. *Compaq Computer Corp. v. Ergonome Inc.,* 387 F.3d 403, 413 (5th Cir. 2004) (citations omitted). Further, the penalized party's discovery violation must be willful. *United States v. $49,000 Currency,* 330 F.3d 371, 376 (5th Cir. 2003). Finally, a severe sanction under Rule 37 is only to be employed where a lesser sanction would not substantially achieve the desired deterrent effect. *Id.*

This Court also has inherent powers to enter sanctions. The inherent powers of this Court are those which "'are necessary to the exercise of all others.'" *Roadway Express,* 447 U.S. at 764 (citation omitted). The contempt sanction is the most prominent inherent power, "'which a judge must have and exercise in protecting the due and orderly administration of justice and in maintaining the authority and dignity of the court. . . .'" *Id.* (citation omitted). When inherent powers are invoked, however, they must be exercised with "restraint and discretion." *Gonzalez v. Trinity Marine Grp., Inc.,* 117 F.3d 894, 898 (5th Cir. 1997). Thus, severe sanctions should be confined to instances of "bad faith or willful abuse of the judicial process." *Id.*

### III. Analysis

#### A. Plaintiff's Motion for Sanctions and Contempt

Based on the allegations made by Mr. Biller in his complaint in the California Action, Plaintiff filed its Motion for Sanctions and Motion for Contempt. Dkt. No. 138. Although the complaint in the California Action does not mention this case, Plaintiff argues that the Court

should reopen the case, order additional discovery into the issue of whether Toyota withheld documents relevant to this case, sanction Toyota as well as unspecified Toyota employees and attorneys, and order a new trial of the merits if this case based simply on the fact that Mr. Biller was the supervising attorney at Toyota for the present action. Specifically, Plaintiff's Motion for Sanctions and Contempt asks the Court to order Dimitrios Biller to appear before the Court and answer questions regarding what documents concerning the 1995 4Runner should have been produced in this litigation concerning rollover, roof crush, and any other relevant defects known to Toyota and not disclosed. In addition, Plaintiff requests that "Eric Tiara and possible other employees of Toyota appear before the Court and respond to Mr. Dimitrios Biller's allegations." Plaintiff further requests monetary sanctions against Toyota, their employees and attorneys for failure to obey the Court's discovery orders. Finally, Plaintiff seeks an opportunity to retry this case.

### 1. Plaintiff's Request to Set Aside the Final Judgment and Retry the Case

Although Plaintiff did not expressly invoke Rule 60(b), this Court treats the pending motion to reopen the case as a 60(b) motion because that is the primary potential avenue Plaintiff has for relief with respect to her request to retry this case. However, Ms. Plaintiff's motion was filed more than a year after the entry of final judgment. Therefore, it cannot succeed under Rule 60(b)(1)-(3) because it is time-barred by the one-year statute of limitations applicable to these grounds for a motion to set aside a final judgment. FED. R. CIV. P. 60(c)(1). Furthermore, the grounds for setting aside a final judgment enumerated in Rule 60(b)(4) and (5) are not applicable in this case. *See id.* at (b) ("(4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . ."). Therefore, Plaintiff's only hope for relief must come from Rule 60(b)(6).

7

Relief under Rule 60(b)(6) is mutually exclusive from the relief available under sections (1)–(5). *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005). Plaintiff alleges that Toyota violated the Court's discovery order by withholding relevant documents. Even if Plaintiff had offered competent evidence to substantiate this claim, her allegations would still only provide grounds for relief under Rule 60(b)(3)—i.e. that Toyota was guilty of fraud, misrepresentation or misconduct. Plaintiff, however, does not identify "any other reason," for which she would be entitled to relief under Rule 60(b)(6). Plaintiff cannot circumvent the time limitations of Rule 60(c)(1) by asserting a Rule 60(b)(6) motion with allegations that are more appropriate to support a Rule 60(b)(3) motion. *See id.* (holding that the movant "cannot obtain relief under 60(b)(6) where the allegations of fraud or misconduct are essentially the identical grounds for relief sought under her 60(b)(3) motion"). Because Plaintiff failed to provide "any other reason" to set aside the judgment, she has not made the requisite showing of "extraordinary circumstances" to reopen the case even if her allegations were substantiated. The Court, therefore, DENIES Plaintiff's request to retry this case.

### 2. Plaintiff's Request for Sanctions

No court can function if its discovery rules are disregarded. Accordingly, the Fifth Circuit has recognized that "a district court always has jurisdiction to impose sanctions designed to enforce its own rules, even after that court no longer has jurisdiction over the substance of a case…." *Fleming & Assoc. v. Newby & Tittle*, 529 F.3d 631, 639-40 (5th Cir. 2008). This Court takes allegations that a party has violated its discovery orders very seriously and has issued sanctions for discovery abuses brought to light years after a final judgment. *See, e.g., Green v. Blitz*, Case No. 2:07cv372 in the United States District Court for the Eastern District of Texas, Dkt. No. 243. However, despite her laundry list of extraordinary requests, Plaintiff has offered

absolutely no evidence that Toyota violated this Court's Discovery Order by withholding relevant documents in this case. Plaintiff relies entirely on Mr. Biller's allegations against Toyota in his complaint in the California Action. Unsubstantiated allegations in a complaint, however, are not evidence and cannot be the basis for a sanctions order. Additionally, Mr. Biller's complaint never mentions Plaintiff or this case, and Plaintiff has offered no evidence whatsoever to support her assertion that Toyota withheld relevant documents in this case. In fact, Plaintiff's own expert witness agreed at trial that Toyota had done an "exemplary" job of producing documents related to the 4Runner and testified that he was "very impressed" with Toyota's production. *See* Trial Testimony of Wade Allen, Transcript of Trial Proceedings held on January 10, 2005 at 1:15, 42:13-43-11, Dkt. No. 129. Therefore, the Court DENIES Plaintiff's request for monetary sanctions.

### 3. Plaintiff's Request for Discovery into Toyota's Alleged Discovery Abuses

Plaintiff also requests that the Court reopen discovery in this case, order Dimitrios Biller to appear before the Court and answer questions regarding what documents concerning the 1995 4Runner should have been produced in this litigation, and order that "Eric Tiara and possible other employees of Toyota appear before the Court and respond to Mr. Dimitrios Biller's allegations." Toyota, however, argues that the Court no longer has jurisdiction to order discovery in this long-closed case. The Court need not reach the issue of whether or not it has jurisdiction to reopen discovery because, even if it had jurisdiction, Plaintiff has offered no competent evidence to justify reopening discovery. Plaintiff's reference to Mr. Biller's allegations in the California Action are not evidence of any wrongdoing on the part of Toyota such that this Court will take the extraordinary measure of reopening discovery in a case that has been closed for more than six years.

9

In addition, Mr. Biller is currently subject to a preliminary injunction issued on March 17, 2010 by the court in the California Action that prohibits Mr. Biller from "disclosing, distributing, discussing or otherwise sharing" any "confidential information relating to Toyota, which Mr. Biller acquired or has knowledge of through his employment as an attorney for Toyota." *See* Order Confirming Amended Preliminary Injunction Award, Dkt. No. 112 in California Action. A motion to also currently pending in the California Action asking that court to adopt the permanent injunction issued by the arbitrator against Mr. Biller. *See* Dkt. Nos. 120 and 144 in California Action. That injunction prohibits Mr. Biller, unless compelled to do so by valid legal process, from:

1. Disclosing . . . any confidential attorney-client communications or attorney work produce, written or oral between Mr. Biller and TMS;
2. Disclosing . . . confidential documents, materials or information, written or oral, regarding the business affairs of TMS of which Mr. Biller acquired knowledge through his employment as an attorney by TMS and legal representation of TMS;
3. Disclosing . . . any confidential documents, amterials or information, written or oral, regarding the business affairs of companies affiliated with TMS, including but not limited to Toyota Motor Corporation ("TMS"), of which Mr. Biller acquired knowledge though his employment as an attorney by TMS and legal representation of TMS . . .

Permanent Injunction at 1:4-2:11, Dkt. No. 120-2, pp. 21-25 in California Action. Based on this scant record, this Court will not second guess the judgment of either the arbitrator or the California Court by allowing discovery in this case that would circumvent the terms of the preliminary and permanent injunctions.

For the reasons discussed above, the Court DENIES Plaintiff's Motion for Sanctions and Contempt (Dkt. No. 138).

### B. Toyota's Motion to Quash

Toyota's Motion to Quash moves the Court to quash Plaintiff's deposition subpoena of Dimitrios Biller and for a protective order to prevent the deposition from occurring. Dkt. No. 143. Toyota's motion and Plaintiff's response largely rehash the arguments made in the briefing for Plaintiff's Motion for Sanctions and Contempt. The Court, therefore, GRANTS Toyota's Motion to Quash (Dkt. No. 143) for the same reasons it denied Plaintiff's Motion for Sanctions and Contempt.

### IV. Conclusion

For the reasons stated above, the Court DENIES Plaintiff's Motion for Sanctions and Motion for Contempt (Dkt. No. 138) and GRANTS Toyota's Motion to Quash and for Protection (Dkt. No. 143). The Court FURTHER ORDERS that Plaintiff's subpoena and subpoena duces tecum are hereby QUASHED. It is FURTHER ORDERED that Dimitrios Biller will not give a deposition in this matter and that Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. are hereby protected from discovery pursuant to Plaintiff's subpoena and subpoena duces tecum, including the divulging of attorney-client privileged and work-product protected information sought from Dimitrios P. Biller.

IT IS SO ORDERED.

SIGNED this 10th day of March, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE